UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JEINKSON MOISES LOPEZ DUNO,

                  Petitioner,

v.                                                                     No.  6:26-CV-00158-H

WARDEN, EDEN DETENTION
CENTER,

                  Respondent.

## ORDER

Petitioner's wife filed a petition for writ of habeas corpus on his behalf.  Dkt. No. 1.
The Court found that the case could not proceed as filed by Petitioner's wife and provided
Petitioner an opportunity to pursue habeas relief on his own behalf.  Dkt. No. 8.  Now, as
explained below, the Court finds that the petition must be dismissed because Petitioner failed to
cure the filing deficiencies, and alternatively, because his claims are moot.

On April 15, 2026, the Court entered an order and notice of deficiency requiring
Petitioner to file a signed, amended petition within 30 days if he wanted to pursue habeas relief.
Dkt. No. 8.  The Court warned Petitioner that failure to comply would result in the dismissal of
this case.  *Id.*  Petitioner did not respond to or comply with the April order, and the time to do
so has passed.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action
sua sponte for failure to prosecute or to comply with a court order.  *Larson v. Scott*, 157 F.3d
1030, 1031 (5th Cir. 1998).  "The power to invoke this sanction is necessary in order to prevent
undue delays in the disposition of pending cases and to avoid congestion in the calendars of the
District Courts."  *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

This case cannot proceed because Petitioner has not cured the filing deficiency or
otherwise shown any interest in pursuing his claims.  The Court, therefore, finds that

Petitioner's petition for writ of habeas corpus should be dismissed without prejudice for want of prosecution and for failure to comply with the Court's prior orders.

Alternatively, the Court takes judicial notice of the publicly available automated case information provided by the Executive Office of Immigration Review, which reflects that Petitioner was granted voluntary departure on April 24, 2026.[1] Additionally, the online detainee locator system maintained by the United States Immigration and Customs Enforcement (ICE) indicates that Petitioner is no longer in ICE custody.[2] Thus, it appears that the petition is also subject to dismissal as moot.

So ordered.

The Court will enter judgment accordingly.

Dated June 5, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

---

[1] https://acis.eoir.justice.gov/en/caseInformation (last checked June 2, 2026).

[2] https://locator.ice.gov/odls/#/search (last checked June 2, 2026).

2